UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREQUAN RIDDLE,

        Plaintiff,

v.

RICHARD RUSSELL, et al.,

        Defendants.

                                /

Case No. 2:22-cv-11315

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**<u>SUA SPONTE DISMISSING CASE</u>**

Plaintiff Trequan Riddle filed a pro se complaint against eight Michigan Department of Corrections employees for alleged violations of his First and Eighth Amendment rights. ECF 1. The Court granted Plaintiff leave to proceed in forma pauperis. ECF 3. For the reasons below, the Court will dismiss the case.[1]

**BACKGROUND**

Plaintiff alleged that he was an inmate in the mental health residential treatment program at the Macomb Correctional Facility. ECF 1, PgID 2. Plaintiff claimed that he was serving a loss-of-privileges sanction when he asked a recreational therapist if he could use the gym and weight pit because it was a therapeutic service rather than a mere recreational privilege. *Id.* The therapist told Plaintiff to seek permission from the unit chief or warden. *Id.* Plaintiff then requested that

---

[1] Because Plaintiff is incarcerated, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(1).

1

Defendants permit him to use the gym and weight pit, but his requests and grievances were denied. *Id.* at 2–3.

Plaintiff claimed that Defendants acted with deliberate indifference to his mental health when they refused to let him to use the prison gym and weight pit, which he claimed was part of his recreational therapy. *Id.* Plaintiff noted that similar forms of therapy, including music and movie groups, were not cut off when other inmates lost privileges. *Id.* at 3.

In the end, Plaintiff requested monetary damages "for emotional and psychological stress" resulting from "mental health services being denied and disciplined as [his] mental health treatment separated from other recipients." *Id.* at 4.

## LEGAL STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), the Court must sua sponte dismiss a prisoner's complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); *see* 28 U.S.C. § 1915(e)(2)(B). The Court is also required to dismiss a complaint seeking redress against government entities, officers, and employees if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint fails to state a claim when it fails to allege facts "sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). And although the Court must liberally construe a pro se civil rights complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court must not exempt a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); Fed. R. Civ. P. 8(a).

## DISCUSSION

The Eighth Amendment bans any punishment that involves "the unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (cleaned up). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts in support of a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the deprivation alleged is "objectively, sufficiently serious." *Id.* (cleaned up). Second, the plaintiff must allege that the prison official committing the act did so with a "sufficiently culpable state of mind." *Id.* (cleaned up).

For the first prong, the Sixth Circuit has defined "a sufficiently serious medical need . . . as one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for

3

a doctor's attention." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotation marks and quotations omitted). And the deprivation of psychological services can be serious enough to satisfy the first prong. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 291–93 (6th Cir. 2006).

For the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835. The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). But a prisoner need not "show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (collecting cases). And "pain, suffering, [and] mental anguish" caused by a delay in care may be actionable. *Parrish v. Johnson*, 800 F.2d 600, 611 (6th Cir. 1986).

To start, the Court will liberally construe the pro se complaint to present an Eighth Amendment deliberate indifference claim. *See* ECF 1, PgID 2–4. Although Plaintiff alleged violations of his First and Eighth Amendment rights, Plaintiff claimed only that his right to "1st Amend[ment] Life, Liberty, and the Pursuit of Happiness" was violated. *Id.* at 2. Because the First Amendment does not guarantee life, liberty, and the pursuit of happiness, and because Plaintiff alleged no other violations of the First Amendment, the Court will construe the complaint to rest only on Eighth Amendment grounds. *See id.* at 2–4; *The Declaration of Independence*, preamble (U.S. 1776) ("We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable

4

Rights, that among these are Life, Liberty and the pursuit of Happiness."); *see also Haines*, 404 U.S. at 520–21.

Put simply, Plaintiff failed to state an Eighth Amendment deliberate indifference claim. Three reasons support the finding.

First, prison officials may deny prisoners periodic use of recreational and exercise opportunities without violating the Eighth Amendment. *See, e.g.*, *May v. Baldwin*, 109 F.3d 557, 565–66 (9th Cir. 1997) (holding that denial of out-of-cell exercise for twenty-one days did not violate the Eighth Amendment); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) ("Denial of recreation for a short period, per se, is not a constitutional violation.") (collecting cases). Plaintiff's complaint does not allege how long he was prohibited from using the gym and weight pit. *See* ECF 1, PgID 2–4. He asserted only that he was prohibited from using the gym and weight pit because of an administrative sanction. *Id*. Thus, Plaintiff failed to allege facts sufficient to support an Eighth Amendment claim.

Second, even if the violation here did not involve the denial of a mere recreational or exercise opportunity, and was instead a denial of his recreational therapy, the claim still fails. Plaintiff asserted that the gym and weight pit were part of his recreational therapy, and he requested their use to treat his depression. *Id.* at 2–3 ("I was going through a depressing state or time."). Yet the allegation, standing alone, does not satisfy the first deliberate indifference prong. *See Jones*, 625 F.3d at 941–42. To be sure, Plaintiff's assertion is factually sympathetic, as exercise is well known to be beneficial for mental health. But his vague allegation fails to show that

5

he was suffering from a "sufficiently serious" psychological need that required uninterrupted mental health care in the form of recreational therapy. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Third, Plaintiff cannot satisfy the second deliberate indifference prong. *See Jones*, 625 F.3d at 941–43. Plaintiff's claim that he was denied access to the gym and weight pit as a form of recreational therapy, without more, does not plausibly show that Defendants were deliberately indifferent to any serious mental health need. Apart from the claim that Defendants denied him gym and weight pit use for an unknown duration, Plaintiff failed to allege that any Defendant was deliberately indifferent to his mental health needs. *See* ECF 1, PgID 2–4. And although Plaintiff claimed he was housed in the mental health unit, he did not assert that recreational therapy at the gym and weight pit was the only form of mental health treatment he was receiving. *See id.* Indeed, Plaintiff did not allege whether he was otherwise being treated for his depression, *see id.*, and Plaintiff has no constitutional right to a particular therapy of his choice. *Estelle*, 429 U.S. at 106–07.

Last, Plaintiff requested the Court "[t]o allow all recipients to participate in psychological services provided by [the] mental health recreational therapist." ECF 1, PgID 4. But Plaintiff may not sue on behalf of similarly situated Michigan prisoners or represent them here because a pro se prisoner cannot adequately represent the interests of fellow inmates in a class action. *See, e.g.*, *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing Fed. R. Civ. P. 23(a) and collecting cases).

6

## CONCLUSION

All told, Plaintiff failed to state a claim upon which relief may be granted under § 1983, and he may not proceed on behalf of other Michigan prisoners. Thus, the Court will dismiss the case without prejudice. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S. § 1997e(c). The Court will also deny leave to appeal in forma pauperis because Plaintiff cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will **DENY** Plaintiff in forma pauperis status on appeal.

This is a final order that closes the case.

**SO ORDERED.**

                        s/ Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated: June 23, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2022, by electronic and/or ordinary mail.

                        s/ David P. Parker
                        Case Manager